UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OLLIE ATWELL,

    Plaintiff,

vs.

DANNY MEJIAS OLIVERAS;
and KANECA, LLC,

    Defendants.

Case No.
6:24-cv-2060-CEM-RMN

## ORDER

This matter is before the Court without oral argument on the Motion to Compel (Dkt. 19) filed by Plaintiff, Ollie Atwell, on April 4, 2025. Kaneca filed a response in opposition. Dkt. 20. The Court took the motion under advisement on April 14, directing Atwell to "file a notice that includes an attachment of the formal discovery request that it served on" Kaneca, LLC ("Kaneca"). Dkt. 21. Atwell did not file a notice, as directed, and the deadline to do so has passed.

In this motor vehicle accident case, Plaintiff asks the Court to issue an order directing Kaneca to produce "dashcam video from any camera . . . recorded on December 13, 2023[,] between 2:30 PM and 3:00 PM." Dkt. 19 at 2. Atwell appears to believe the requested video

is responsive to a request for production served before this action was removed from state court. *See* Dkts. 19 at 2, 20-1 at 4–6.

Federal Rule of Civil Procedure 37(a)(3)(b) authorizes a party to "move for an order compelling an answer, designation, production, or inspection" if (i) "a deponent fails to answer a question asked under Rule 30 or 31," (ii) "a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4)," (iii) "a party fails to answer an interrogatory submitted under Rule 33," or (iv) "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." In other words, Rule 37 permits a party to move to compel responses to discovery requests propounded under federal procedural rules.

Discovery propounded under state procedural rules is generally not enforceable once a case is removed to federal court. *See Woods v. Waste Pro USA, Inc.*, No. 5:20-cv-144, 2021 WL 4125889, at *2 (N.D. Fla. Feb. 4, 2021). If there is "no agreement by the parties or order by the district court that the state court discovery requests would carry over into federal court," then a party must "serve a new discovery request under the federal rules." *Woods v. Waste Pro of Fla., Inc.*, No. 21-12610, 2022 WL 2288683, at *3 (11th Cir. June 24, 2022).[1]

---

[1] Though unpublished, the Court finds the reasoning in *Woods* to be persuasive, *see* 11th Cir. R. 36.2, because its holding reflects that of most courts that have addressed the issue, *see, e.g., Map & Globe,*

As in *Woods*, the discovery request here appears to pre-date removal of this case. It therefore must have been propounded under Florida's rules of discovery. There is no sign that the parties agreed to use the state discovery mechanisms in this Court. Nor is there any indication that the parties agreed that responses to state discovery requests could be compelled in this federal action. Further, this Court did not issue an order stating that discovery requests made when this action was a state case would remain viable after the action's removal.

And finally, Atwell did not file the formal discovery request served on Kaneca, as the Court directed. Because of this, there is nothing before the Court establishing that Atwell used the procedures provided in the Federal Rules of Civil Procedure to request the video.

In sum, Atwell has not shown that an order under Rule 37(a)(3)(b) is warranted.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel (Dkt. 19) is **DENIED**; and

2. Plaintiff and his counsel shall show cause, in a written response consisting of no more than 5 pages filed on or before April 30, 2025, why they should not be required to pay Kaneca, LLC's

---

*LLC v. Hartford Fire Ins.*, No. 6:20-cv-1584, 2020 WL 6887934, at *1 (M.D. Fla. Sept. 18, 2020) (collecting cases).

reasonable expenses incurred in opposing the motion, including attorney's fees, as required by Rule 37(a)(5)(B). Failure to file a response may result in an order granting an award without further notice.

      **DONE** and **ORDERED** in Orlando, Florida, on April 22, 2025.

                                      */s/ Robert Norway*
                                      ROBERT M. NORWAY
                                      *United States Magistrate Judge*

Copies to:

Counsel of Record